IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **VANESSA STOCKDALE**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-2032-JAR-JPO |
| ) | |
| **MARRIOTT INTERNATIONAL**, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff Vanessa Stockdale filed this *pro se* action against her former employer, Marriott International. She alleges that she was retaliated against by her supervisors. Before the Court is Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), or in the Alternative, Motion for More Definite Statement (Doc. 10), seeking dismissal for failure to state a claim upon which relief may be granted. As described more fully below, Defendant's motion is granted with leave to amend.

### I.   Failure to Respond

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[1] Under D. Kan. R. 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

A *pro se* litigant is not excused from complying with the rules of the court, and is subject to the consequences of noncompliance.[2] As a result of Plaintiff's failure to respond, the Court may grant Defendant's motion to dismiss as uncontested.

## II.   Motion to Dismiss

Because Plaintiff proceeds in forma pauperis, the Court may dismiss the Complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.[3] A complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief."[4] Under the "plausibility" standard that guides the court, a complaint must contain sufficient factual allegations to give fair notice to defendants of the grounds of the claim against them.[5] "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."[6]

Although a complaint filed by a *pro se* party proceeding *in forma pauperis* must be given a liberal construction,[7] even under this standard, a court need not accept as true those allegations

---

[2] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

[3] 28 U.S.C. § 1915(e)(2)(B).

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

[6] *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)).

[7] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

that are conclusory in nature.[8]  A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."[9]

In her Complaint, Plaintiff claims that Defendant retaliated against her by denying her pay raises, treating her in a hostile manner, and ultimately terminating her.  To state a claim of retaliation under any of the federal employment statutes, Plaintiff must show that she engaged in protected activity under one of those statutes.  For example, under Title VII, it is unlawful for an employer to discriminate against an employee for opposing "any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."[10]  While Plaintiff generally alleges that she was retaliated against, she does not allege that she engaged in any protected activity.  Vague references to retaliation or harassment with no allegation that it was motivated by a protected activity will not support a retaliation claim.[11]

Given this deficiency, the Complaint fails to meet even the minimal standards of notice pleading set out in Fed. R. Civ. P. 8(a) because it fails to provide notice of the claim, to which the Defendant is entitled under that rule.  Plaintiff offers no allegations of a factual connection

---

[8]*Erickson v. Pawnee Cnty. Bd. of Cnty. Com'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001).

[9]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10]42 U.S.C. § 2000e-3(a).

[11]*See, e.g.*, *Anderson v. Acad. Sch. Dist. 20*, 122 F. 912, 916 (10th Cir. 2004) ("[A] vague reference to discrimination and harassment without any indication that this misconduct was motivated by race (or another category protected by Title VII) does not constitute protected activity and will not support a retaliation claim."); *Wirtz v. Kan. Farm Bureau Serv., Inc.*, 274 F. Supp. 2d 1198, 1212 (D. Kan. 2003) ("The court will find opposing activity if the employee's comments, when read in their totality, oppose discrimination. However, protected activity must oppose discrimination prohibited by Title VII, and not merely take form of complaints about personal grievances.").  Plaintiff does not allege that she is a member of any protected category under Title VII, or any other employment discrimination statute.

between the alleged wrongdoings and any protected activity by her. As such, the Court finds that Defendant's motion to dismiss is well taken. Plaintiff will be permitted an additional period of time to request leave to amend the complaint.[12] If Plaintiff fails to file a motion for leave to amend that address the deficiencies identified by the Court in this Order, this action will be dismissed with prejudice without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 10) is **granted**. Defendant's alternative Motion for More Definite Statement is **moot**. Plaintiff may file a motion for leave to amend the complaint, attaching a proposed amended pleading as provided in D. Kan. R. 15.1, by **no later than April 9, 2013.**

**IT IS SO ORDERED.**

Dated: March 19, 2013

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[12]"[A] pro se litigant bringing suit in forma pauperis is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment can cure the defect." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).