IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VANESSA STOCKDALE, )
)
        Plaintiff, )
)
vs. ) Case No. 13-2032-JAR-JPO
)
MARRIOTT INTERNATIONAL, et al., )
)
        Defendants. )
)

**MEMORANDUM AND ORDER**

Plaintiff Vanessa Stockdale, proceeding *pro se* and *in forma pauperis*, filed an employment discrimination complaint against Defendants Marriott International, Jeff Miles, Lorraine Katzer, Greg Marcinkowski, and John Does 1-10, based on general allegations of retaliation. This Court dismissed Plaintiff's claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6) (Doc. 60), but granted Plaintiff leave to amend. This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 24). For the reasons explained in detail below, Defendants' motion is granted.

**I.    Amended Complaint**

When construing Plaintiff's Amended Complaint, the Court bears in mind that *pro se* pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by lawyers.[1] Thus, if a *pro se* plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence

---

[1] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

construction, or his unfamiliarity with pleading requirements."[2] However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[3] For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[4] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[5] The court need only accept as true the plaintiff's "well-pleaded factual contentions, not his conclusory allegations."[6]

Plaintiff began working at the Courtyard by Marriott in Overland Park, Kansas, on December 6, 2009, as a "GC Houseman." The following day, the Assistant Manager of the facility, Defendant Lorraine Katzer, assigned a housekeeper named Caroline to train Plaintiff, but Caroline refused. On December 9, Plaintiff complained to Defendant Jeff Miles, the Manager of the facility, and told him of "other problems [she] was having with her." On December 12, Plaintiff met with Katzer, along with a Spanish-speaking interpreter who was on speaker phone, during which Plaintiff complained of unfair treatment. Katzer became verbally abusive.

On February 23, 2010, Plaintiff met with Mark Garster, the Regional Director for the Marriott, and complained about the problems she was having with Caroline and Katzer.

On April 5, 2010, Defendant Greg Marcinkowski, the Chief Engineer at Marriott, told Plaintiff that Miles and Katzer were retaliating against her and that they had urged

---

[2] *Id.*

[3] *Id.*

[4] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[5] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[6] *Hall*, 935 F.2d at 1110 (citation omitted).

2

Marcinkowski to help build a case against her that would justify termination. Marcinkowski became Plaintiff's supervisor, and according to Plaintiff, he was instructed to harass and monitor her. Though Marcinkowski at first tried to protect Plaintiff, he eventually gave into management's demands. He began spreading lies and sexually harassed her.

On April 26, Miles asked Plaintiff a series of questions about her health and proceeded to ask her to clean the chlorine ring around the swimming pool while it was open and being used by a guest.

Plaintiff alleges that her job duties changed after complaining about her treatment. Because she refused to change her job responsibilities, she was suspended and escorted off the property. In her Proposed Amended Complaint, she alleges she was "treated differently from the Latino workers." She alleges the following causes of action: (1) "Unlawful Discrimination Based upon Race in Violation of EEOC Title VII Civil Rights"; (2) "Failure to Prevent Discrimination in Violation of the EEOC Under title VII of the civil Rights Act"; (3) "Retaliation in Violation of EEO Title VII Civil Rights Act"; (4) negligence; and (5) civil conspiracy.

## II. Discussion

### A. Rule 12(b)(6)

Under Fed. R. Civ. P. 12(b)(6), the court may grant a motion to dismiss if, drawing all reasonable inferences in favor of the plaintiff, a claimant fails to state a claim for which relief may be granted.[7] To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain

---

[7]*Dias v. City & Cnty. Of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

3

"enough facts to state a claim to relief that is plausible on its face."[8] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[9] The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.[10] As the Supreme Court explained, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[11] Additionally, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [12]

### B. Title VII Claims against Individual Defendants

Plaintiff's Title VII claims are alleged against Marriott, Katzer, Miles, Marcinkowski, and ten unknown defendants. The Tenth Circuit has held that "personal capacity suits against individual supervisors are inappropriate under Title VII."[13] "The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the

---

[8] *Bell Atl. Corp v. Twombly*, 550 U.S 544, 554 (2007).

[9] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[10] *Robbins v. Oklahoma,* 519 F.3d 1242, 1247-48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Id.* (internal citations omitted).

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

[12] *Id*.

[13] *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996).

Act."[14] To the extent Plaintiff attempts to sue the individually-named defendants in their individual capacity, her claim fails because such a suit is inappropriate under Title VII. Therefore, she has failed to state a claim for relief under Title VII against these Defendants.

### C. Title VII Claims

Plaintiff's first cause of action alleges that she was discriminated against because of her race. Title VII makes it unlawful for any employer to discriminate against its employees on the basis of race, color, national origin, or religion or to retaliate against a person for filing a charge of discrimination.[15] To establish a prima facie case of discrimination, Plaintiff must show that (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the challenged action took place under circumstances giving rise to an inference of discrimination.[16] If plaintiff establishes a prima facie case, the burden shifts to defendant to articulate a facially nondiscriminatory reason for its actions.[17] If defendant articulates a legitimate nondiscriminatory reason, the burden shifts back to plaintiff to present evidence from which a jury might conclude that defendant's proffered reason is pretextual, that is, "unworthy of belief."[18] Title VII also forbids retaliation against an employee because she opposed any practice made unlawful by Title VII, or because she "participated . . . in an investigation,

---

[14]*Id.* at 899 (emphasis in original).

[15]42 U.S.C. § 2000e-2 to 3.

[16]*EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 800 & n.5 (10th Cir. 2007) (discussing how elements of prima facie case in discrimination cases vary depending on context); *see also Sorbo v. UPS*, 432 F.3d 1169, 1173 (10th Cir. 2005).

[17]*Id.*; *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1113 (10th Cir. 2007).

[18]*Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998) (quoting *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995)).

5

proceeding or hearing under this subchapter."[19]  To prevail on a Title VII retaliation claim, a plaintiff must show that retaliation played a part in a materially adverse employment decision.[20]

Plaintiff's allegations in the Proposed Amended Complaint are either conclusory or insufficient to raise a right to relief above the speculative level.  As with her original complaint, Plaintiff makes no allegation that she is a member of a protected class.[21]  Plaintiff provides no allegations that any of the incidents she complains of have a connection to her eventual termination, any details about her qualifications or job duties, how Latino employees are treated more favorably, or any causal connection between her protected activity and the adverse employment action.  While Plaintiff alleges that she complained of her treatment several times to various supervisors and managers, she does not allege that any of the negative treatment was based on her race.  Plaintiff repeatedly refers to unfair treatment, verbal abuse, unlawful conduct, differential treatment, intimidation, and bullying, but fails to allege details about any of these conclusory statements, or that the negative treatment was because of her race.  Accordingly, Plaintiff has failed to state a claim under Title VII.  Even liberally construing the Proposed Amended Complaint, the Court again finds that under no logical construction has Plaintiff stated a claim upon which relief can be granted under Title VII for discrimination or retaliation.

**D.    State Law Claims**

Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction if

---

[19]42 U.S.C. § 2000e-3(a).

[20]*See Frye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 (10th Cir. 2008).

[21]Plaintiff states in her charge of discrimination that she is African American.  But this document was not attached to her Complaint, it was attached to Defendants' reply brief.  Doc. 32, Ex. A.

it has "dismissed all claims over which it has original jurisdiction."[22] The Court considers "the nature and extent of pretrial proceedings, judicial economy, convenience, and [whether] fairness would be served by retaining jurisdiction."[23] In this case, Plaintiff's state law claims for negligence and civil conspiracy are closely intertwined with the discrimination and retaliation claims alleged in the first three counts of the Proposed Amended Complaint. All of Plaintiff's claims are based on the alleged unfair treatment by her employer. This weighs against the exercise of supplemental jurisdiction over her state law claims.[24] The Court therefore declines to exercise jurisdiction over Plaintiff's state law claims.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 24) is granted. Plaintiff's federal claims are dismissed with prejudice. Plaintiff's state law claims are dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: September 20, 2013

                                          S/ Julie A. Robinson

                                          JULIE A. ROBINSON

                                          UNITED STATES DISTRICT JUDGE

---

[22] 28 U.S.C. § 1367(c)(3); *see Estate of Harshman v. Jackson Hole Mountain Resort*, 379 F.3d 1161, 1164 (10th Cir. 2004) ("Seeking to vindicate values of economy, convenience, fairness, and comity underlying the judicially-created doctrine of pendent jurisdiction, Congress granted statutory authority to district courts to hear claims that form 'part of the same case or controversy' as the claims on which original federal jurisdiction is based.").

[23] *Anglemyer v. Hamilton Cnty. Hosp.*, 58 F.3d 533, 541 (10th Cir.1995) (quoting *Thatcher Enter. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)).

[24] *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").